```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

STUART B. MOSS,

                   Plaintiff,

vs.                                 Case No.  2:06-cv-668-FtM-29SPC

SAKS FIFTH AVENUE,

                   Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on the following motions: (1) Defendant SAKS Fifth Avenue ("SAKS") Motion to Dismiss and/or For Summary Judgment (Doc. #5) filed on February 20, 2007; (2) Plaintiff Stuart Moss' Motion for Rule 41 Voluntary Dismissal (Doc. #17) filed on March 16, 2007; (3) Plaintiff's Motion to Stay Ruling On And In The Alternative, Substantive Response to Defendant's Motion to Dismiss and/or For Summary Judgment (Doc. #18) filed on March 16, 2007; (4) Defendant's Motion for Fees and Costs (Doc. #20) filed on March 27, 2007; and (5) Joint Motion to Stay the Parties' Requirement to File a Case Management Report (Doc. #21) filed on March 30, 2007.

**A.   Motion to Dismiss and/or Summary Judgment (Doc. #5)**

SAKS asks this Court to dismiss the instant action under Fed. R. Civ. P. 12(b)(6) or in the alternative to grant summary judgment on the grounds that the Moss failed to file a Complaint (Doc. #1) within ninety (90) days of receiving his Right To Sue Notice in

violation of 42 U.S.C. § 2000e-5(f)(1). (Doc. #5.) In support of the motion SAKS filed two supporting affidavits. (Doc. ## 5-1, 5-2.)

The Court will first address the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).

Defendant is relying on facts outside the four corners of the Complaint and not referenced therein, which the Court cannot consider on a motion to dismiss without treating the motions as one for summary judgment. See Fed. R. Civ. P. 12(c) and 56. The Court finds that the Complaint contains enough factual allegations to set forth a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Therefore, the Motion To Dismiss is denied.

The Court now addresses SAKS' Motion for Summary Judgment under Fed. R. Civ. P. 56. Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).

In the present case, SAKS asserts that it is entitled to summary judgment because plaintiff failed to meet the statutory deadline for filing a claim in federal court. Specifically, 42 U.S.C. § 2000e(f)(1) required Moss to file a complaint with the Court within ninety days of his receipt of the Dismissal and Notice of Right to Sue Notice ("Notice"). Moss filed his complaint 136 days after the date of the issuance of the Notice. (Doc. #5, p. 5.) Moss responds that the lawsuit was filed within the statutory deadline, as he did not receive the Notice until September 18, 2006. (Doc. #18, p. 2.) The Court finds that Moss' date of receipt of the Notice is in dispute and presents a genuine issue of material fact that cannot be resolved at this stage of the proceedings. Absent a determination of the actual date of receipt, this Court cannot determine whether the complaint was timely filed. Therefore the Motion for Summary Judgment is denied.

**B.    Plaintiff's Motion for Rule 41 Voluntary Dismissal(Doc. #17)**

Plaintiff asks this Court to dismiss this action under Fed. R. Civ. P. 41 (a)(1) or in the alternative under Fed. R. Civ. P. 41(a)(2). SAKS filed a response indicating that it is prepared to consent to the voluntary dismissal on the condition that its attorney fees and costs are reimbursed.

Fed. R. Civ. P. 41(a)(1) provides in relevant part that "an action may be dismissed by the plaintiff . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of motion for summary judgment, whichever first occurs."

In the present case, a dispositive motion (Doc. #5) was filed prior to the request for voluntary dismissal, therefore, Fed. R. Civ. P. 41(a)(1) is not available to plaintiff.

In the alternative plaintiff's motion asks this Court to dismiss the action under Fed. R. Civ. P. 41(a)(2) which provides in relevant part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Defendants filed a response indicating that they do not oppose a voluntary dismissal under Fed. R. Civ. P. 41(a)(2) on the condition that they are awarded the fees and costs incurred in preparing their Motion to Dismiss an/or for Summary Judgment. (Doc. #20, p. 4.)

Under Fed. R. Civ. P. 41(a)(2), a district court enjoys broad discretion in determining whether to authorize a voluntary dismissal. See Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). A dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result. McCants v. Ford Motor Co., 781 F.2d 855, 856-7 (11th Cir. 1986)(internal citation omitted.) In exercising its discretion the court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id. at 857.

In the instant case, all parties are in agreement over the granting of the request for voluntary dismissal, with the only point of contention being the fees incurred by SAKS in preparing their dispositive motions.  In light of the Court's earlier ruling that SAKS' dispositive motions are denied (see *supra* Section A), the Court finds that the awarding of fees is not warranted.[1]  Therefore, the Court will exercise its discretion and dismiss the complaint without prejudice under Fed. R. Civ. P. 41(a)(2).

Accordingly, it is now

**ORDERED**:

1. SAKS' Motion to Dismiss and/or Summary Judgment (Doc. #5) is **DENIED.**

2. Moss' Motion for Rule 41 Voluntary Dismissal (Doc. #17) is **GRANTED** pursuant to Fed. R. Civ. P. 41(a)(2), and otherwise **DENIED,** and the case is dismissed without prejudice.

3. Moss's Motion to Stay Ruling On And, In The Alternative, Substantive Response to Defendant's Motion To Dismiss and/or For Summary Judgment (Doc. #18) is **DENIED.**

4. Defendant's Motion for Fees and Costs (Doc. #20) is **DENIED.**

---

[1] The Court notes that should plaintiffs re-file this case in federal court, attorney fees may be awarded under Fed. R. Civ. P. 41(d).

5.   Parties' Joint Motion to Stay Parties' Requirement to File Case Management Report and Other Pretrial Requirements (Doc. #21) is **DENIED** as moot.

6.   The Clerk Shall enter judgment dismissing the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), terminate any pending deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of April, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD